IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                         CASE NO. 1:05-cr-00033-MP-AK

CHARLES WRIGHT, JR.,

    Defendant.

_____/

**O R D E R**

On Friday, February 10, 2006, a hearing was held on the potential conflict involving Matthew Wells, counsel for Charles Wright, Jr., in this case. Mr. Wells currently represents David Larry Jones in a related state court matter. According to the government, Mr. Jones will provide direct testimony in the instant case regarding Mr. Wright's involvement in the alleged conspiracy. The government argued that Mr. Wells has a conflict in representing both Mr. Wright and Mr. Jones.

The right of a criminal defendant to conflict-free representation derives from the Sixth Amendment. Burden v. Zant, 871 F.2d 956, 957 (11th Cir. 1989). The Sixth Amendment's right to counsel requires effective assistance by an attorney, which has two components: competence and conflict-free representation. Wood, 450 U.S. at 271. When a trial judge is made aware of an apparent conflict of interest, a duty of inquiry arises to protect the represented defendants' interests. Id. at 272. The inquiry must include an investigation of the facts and details of the attorney's interest to determine whether the attorney in fact suffers from an actual conflict, potential conflict, or no genuine conflict at all. United States v. Levy, 25 F.3d 146, 152 (2d Cir. 1994).

> If the court discovers that the attorney suffers from a severe conflict -- such that no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation -- the court is obligated to disqualify the attorney . . . If the court discovers that the attorney suffers from a lesser or only potential conflict -- such that a rational defendant could knowingly and intelligently desire the conflicted lawyer's representation -- the court should follow . . . procedures . . . [designed] to obtain directly from the defendant a valid waiver of his right to a non-conflicted lawyer . . . If the court's inquiry reveals that there is no genuine conflict at all, the court has no further obligation.

Id. at 153.

In the present case, the court finds that there is an actual conflict arising out of Mr. Well's representation of both Mr. Wright and Mr. Jones. During the hearing, Anderson Hatfield, counsel for Mr. Jones in the pending federal charges against him, has indicated that he would advise his client not to waive this conflict. Mr. Wells has suggested a possible alternative to the conflict, in which separate counsel would handle the cross-examination of Mr. Jones in the present case. The court will address this suggestion in a separate hearing on Thursday, February 16, 2006, at 3:30 p.m. The parties may file written briefs on this matter.

In addition to the conflict issue, Mr. Wells also raised an oral motion to modify the terms of Mr. Wright's pretrial release. In particular, defendant seeks to remove the restriction that defendant be electronically monitored while on release. The Government did not object to this motion. Therefore, defendant's oral motion is granted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. A hearing will be conducted on Thursday, February 16, 2006, at 3:30 p.m., on the issue of whether the conflict in this case involving Mr. Wells can be resolved by having separate counsel handle the cross-examination of Mr. Jones.

2. Defendant's oral motion to modify the terms of his pretrial release is granted. Defendant is no longer required to be electronically monitored while on pretrial release.

**DONE AND ORDERED** this  *10th* day of February, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
