IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                                          CASE NO. 1:05-cr-00033-MP-AK

CHARLES WRIGHT, JR.,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 330, a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), filed by the defendant, Charles Wright, Jr. Previously, the Court considered on its own motion (Doc. 326) whether Defendant is entitled to a reduced sentence under § 3582(c)(2) as a result of Amendments 706 and 711 to the United States Sentencing Guidelines ("Guidelines"), which lowered by two levels the Base Offense Level assigned to each threshold quantity of cocaine base listed in the Drug Quantity Table in U.S.S.G. § 2D1.1. Because the Amendments did not lower Defendant's Base Offense Level, the Court entered an order (Doc. 327) holding that Defendant is not entitled to a reduced sentence under § 3582(c)(2). Defendant filed the instant motion nine months thereafter.

Contrary to Defendant's assertions in his motion, the Court held Defendant legally accountable for 27.05 kilograms of cocaine base, assigning an original Base Offense Level of 38. Under the amended Guidelines, the threshold quantity of cocaine base for that Base Offense Level is 4.5 kilograms. Therefore, Amendments 706 and 711 did not lower Defendant's Base Offense Level, and the Court has no authority under § 3582(c)(2) to reduce Defendant's sentence. In his motion, Defendant appears to suggest that the Court should revisit its factual

findings with regard to the amount of cocaine base legally attributable to Defendant. The Court has no such authority. See United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (explaining that § 3582(c)(2) "does not grant the court jurisdiction to consider extraneous resentencing issues"); United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997) (upholding district court's refusal in a § 3582(c)(2) proceeding to re-examine drug quantity because the court was not permitted to revisit factual decisions from the original sentencing).

Defendant also argues that he is entitled to a reduced sentence in light of the Supreme Court's decisions in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and Kimbrough v. United States, 522 U.S. ---, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007). This argument is without merit. The Supreme Court's decision in Booker is inapplicable to § 3582(c)(2) motions. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Also, the Court has no inherent authority to reduce a sentence; rather, it must adhere to the specific parameters set forth by the Federal Rules of Criminal Procedure and the federal statutory provisions controlling sentencing. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951, 123 S. Ct. 2628, 156 L. Ed. 2d 643 (2003). The Court finds no other ground for relief. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's motion to reduce sentence (Doc. 330) is DENIED.

**DONE AND ORDERED** this __23rd__ day of April, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:05-cr-00033-MP-AK*