IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case Nos.:   1:05cr33/MP/GRJ
                                                                                 1:13cv175/MP/GRJ
CHARLES WRIGHT, JR.

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's second amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law.  (Doc. 423)  The Government has filed a response (Doc. 425) and Defendant filed a reply. (Doc. 426)   After a careful review of the record and the arguments presented, the Court concludes that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND and ANALYSIS

Defendant was convicted after a jury trial of conspiracy to manufacture and distribute more than five kilograms of cocaine and more than fifty grams of cocaine base. (Docs. 1, 200.)   The court sentenced Defendant to a term of 292 months imprisonment in December of 2006. (Docs. 219, 223.)  Defendant appealed, but later moved to dismiss the appeal with prejudice. (Docs. 220, 304.)  The Eleventh Circuit granted Defendant's motion to dismiss the appeal on October 3, 2007. (Doc. 304.)

In 2008, the court denied its own motion to reduce Defendant's sentence based on Amendments 706 and 711 to the United States Sentencing Guidelines. (Docs. 326,

327.) After that the Court denied Defendant's motion for the same reduction and a reduction under United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 522 U.S. 85 (2007) on April 23, 2009. (Docs. 330, 331.) Defendant's appeal was dismissed for want of prosecution. (Docs. 332, 340.) The district court denied Defendant's second motion for sentence reduction on March 5, 2012 after response from the Government. (Docs. 380–382.) The Eleventh Circuit affirmed the denial of this motion on March 20, 2013. (Doc. 416.)

Defendant filed his initial motion to vacate pursuant to the prison mailbox rule[1] on September 3, 2013. (Doc. 419 at 14.) After Defendant was twice required to amend (*see* docs. 420, 422), he filed the second amended motion to vacate, which is currently at issue. Defendant claims in his motion that his fifth and sixth amendment rights were violated when the court increased his sentence based on facts that were not charged in the indictment nor found by the jury nor admitted by him. Specifically, defendant references the fact that (1) additional drugs were attributed to him and (2) the court found that he had obstructed justice and enhanced his sentence accordingly. Defendant contends that his sentence thus violated his rights under Alleyne v. United States, 133 S.Ct. 2151 (2013), which was decided on June 17, 2013.

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant's conviction became final in 2007, and he appears to have filed his motion to vacate in response to the Supreme Court's decision in <u>Alleyne</u>, which was decided less than three months before he filed his initial § 2255 motion. Defendant claims that this decision is retroactively applicable and, therefore, his § 2255 motion is timely under § 2255(f)(3).  Even if <u>Alleyne</u> was applicable to the facts of Defendant's case,[2] it is not retroactively applicable on collateral review.  *See* <u>United States v. Harris</u>, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *see also* <u>United States v. Redd</u>, 735 F.3d 88, 91 (2d Cir. 2013); <u>United States v. Winkelman</u>, 746 F.3d 134, 136

---

[2]<u>Alleyne</u> held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor" that must be submitted to a jury.  133 S.Ct. at 2155.  At the time of Defendant's  sentencing, 21 U.S.C. §§ 841(b)(1)(A)(ii) and (iii) provided for a ten year mandatory minimum sentence after a conviction involving either five kilograms of cocaine or 50 grams of cocaine base. The jury specifically found that Defendant was accountable for more than these threshold amounts. (Doc. 200 at 2.)  This verdict authorized the district court to sentence Defendant from the ten year statutory minimum mandatory up to life imprisonment.  The court's determination of the appropriate guidelines range, which increased Defendant's sentence above the minimum mandatory, did not alter the statutory mandatory minimum, and thus <u>Alleyne</u> is inapplicable.

Case Nos.: 1:05cr33/MP/GRJ; 1:13cv175/MP/GRJ

(3d Cir. 2014); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); United States v. Miller, 542 F. App'x 526, 528 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1029–1030 (10th Cir. 2013). Therefore, it neither supports nor excuses the untimeliness of his motion.

Under some circumstances, a Defendant who files a facially untimely motion to vacate may invoke the doctrine of equitable tolling to escape the time bar. *See* Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). There is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling. Defendant's reliance on the retroactive applicability of Alleyne is misplaced and, thus, his motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000)

(explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The second amended motion to vacate, set aside, or correct sentence (Doc. 423) should be **DENIED and DISMISSED** as untimely.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 20th day of May, 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 1:05cr33/MP/GRJ; 1:13cv175/MP/GRJ